## SUPREME COURT.

### JULIA A. WYMAN agt. WILLIAM H. SMEAD and others.

The opinion of the majority of the court in this case is published in this *Vol.
ante, p.* 1. The following dissenting opinion of Judge MILLER has been received
since the opinion of the court was published, and is given below.

*Albany General Term December*, 1863.
*Before* HOGEBOOM, PECKHAM *and* MILLER, *justices*.

MILLER, J., *dissenting*. I am constrained to differ from
the opinion of Mr. Justice PECKHAM, in favor of granting a
new trial in this case. I agree, however, with him that the

disposition of the case must depend upon the question whether it is within the principle laid down in *Bush* agt. *Lathrop* (22 *N. Y.* 535), which is relied upon to sustain the position taken by the defendant's counsel. In the case referred to, a bond and mortgage for $1,400 was assigned as security for the payment of a note of $268.20. The assignee at the time gave back a receipt acknowledging the assignment to him, and agreeing to return the same upon the payment of the note. The assignment was written upon the back of the mortgage, and expressed a consideration of $268.20, and contained a covenant that $1,400 was due on the bond and mortgage.

By the terms of the arrangement the bond and mortgage were to be returned upon payment of the note, and the assignment itself expressing a consideration for less than the amount of the mortgage, was a notification to persons purchasing the bond and mortgage, sufficient to put them

---

action in the matter until after the decision of the court of appeals, but shall consider the decision of the recorder as controlling.

Mr. McKeon—I ask, if your honor please, that these men be discharged. The police have gone on arresting them notwithstanding the decision in another court that this law is clearly unconstitutional. I ask the district attorney to say that under the decision of this court, these men cannot possibly be held for one minute.

The District Attorney—I have already stated that so long as this decision is controlling, I shall not move any of these cases.

Mr. McKeon—Men are here under an unconstitutional act, not worth the paper upon which it is written, and I ask that they may be discharged.

The District Attorney,—I am not counsel for these men, and therefore the counsel should ask to have them discharged on Saturday, which is the regular motion day.

The Court—A motion can be made on the day of trial, or on Saturday.

This matter was then closed, and the court proceeded to other business.

---

THE EXCISE LAW IN THE COURTS—A TEST CASE AS TO THE UNLICENSED DEALERS—JUDGE CLERKE REGARDS THE NEW EXCISE LAW CONSTITUTIONAL.

The test case in conformity with the suggestions made on Friday by Judge CARDOZO, in the court of common pleas, came up in that court yesterday. The case selected was that of *Jeremiah Driscoll* agt. *Jackson S. Shultz*, to test the question of the application of Judge CARDOZO's decision to those who have not taken out a license under the act. This was a motion to continue an injunction heretofore granted, forbidding the defendants from interfering with the plaintiff in his busi-

Wyman agt. Smead.

on their guard so as to ascertain the actual conditions upon which it was made.

The title was transferred upon this condition, by a written agreement entered into between the parties, and a subsequent absolute assignment by the assignee could not transfer any other or greater right than he had acquired at the time.

I think there is a distinction between that case where a written agreement accompanied the assignment, to return the mortgage upon payment of the note, and the present one, where a bond and mortgage and a promissory note was left as collateral to a distinct and separate contract for the sale of land by third parties, and subsequently given up, and the bond and mortgage now in suit in part put in their place, without any special arrangement between the mortgagee and the assignee, and with no condition attached to its transfer, except what was contained in the contract for the sale of the lands between Livingston and Smead and Alexander. Even in this contract between third parties, there was no

ness as a liquor seller at No. 33 Oak street. The motion was made on the complaint which alleged that plaintiff was a liquor seller, that the defendants have interfered with him, arrested him, seized and taken possession of his premises and property, and deprived him of his rights, and threaten to continue to repeat and will repeat these acts, and by so doing will inflict an irreparable injury upon the plaintiff, and that an action for damages will be an inadequate remedy.

The affidavits of defendants aver that plaintiff has no license to sell liquor under any law; that his place is a mere liquor shop, not an inn; that at that place he has for some time past sold, and did sell on Sunday last, liquors in small quantities; that such sales were not made to travelers, but to neighbors; that the defendants have not seized and taken possession of his premises or property; that all that was done was to arrest the barkeeper, and when he refused to close the place he was taken to the station house, and subsequently the place being found open, it was closed by the police, as is always done in such cases. The defendants also deny that they have ever ordered plaintiff's place to be closed, or that they will do so, and annex an order of the defendant Kennedy, directing the police not to close places unless there is a disturbance. They also aver that they are responsible, and in general deny the plaintiff's allegation as to wrongs inflicted upon him.

Juuge CARDOZO reserved his decision.

Judge CLERKE, in the supreme court chambers, yesterday, refused an injunction against the board of exise, the commissioners of police and others, of a similar character to those already granted in the court of common pleas. Justice CLERKE stated that from such cursory examination as he had made of the law, it seemed to him to be constitutional, and he should not, therefore, at present, grant an injunction; though he would, of course, give an order to show cause, if required, but without any injunction in the meantime.

express condition attached to it requiring that the bond and mortgage should be re-assigned or surrendered to the assignee.

In the case under consideration, we are required to go further than in *Bush* agt. *Lathrop*, and protect the interest of third parties, the mortgagor, which is entirely disconnected with the assignee of the bond and mortgage.

The assignment was made by the mortgagee, who is not a party to this suit, and so far as he is concerned was absolute and without any condition whatever. He claims no protection, but the mortgagor and Gidney, Livingston's assignee of the contract between Livingston and Smead and Alexander, ask the court to recognize equities existing under a separate and distinct contract for the sale of the land. No case has ever gone to this extent, and I am not prepared to extend the doctrine laid down in the case referred to, which was only sustained by a bare majority of the court of appeals.

The rule relied upon by the defendants does not, as I understand, apply to all cases of assignment of bonds and mortgages. Judge DENIO in his opinion in 22 *N. Y.* (*p.* 549), says : "It is not necessary to add that I do not consider that the assignee stands in the place of the assignor, in every respect in all cases. The suggestions made in the earliest of the cases in this state, that the assignee, if a *bona fide* purchaser without notice, was not prejudiced by the notice of his assignor, was well founded, and has since been separately recognized" (citing several authorities). He also says that it was not the notice that prejudiced the title of the party under which the defendant claimed, but the fact that the *owner of* the bond and mortgage were parties with it, except upon *condition that it should be returned to him* on payment of a comparatively small sum of money, and it was under that conditional agreement that the defendant claimed, and though he may not have been aware of the condition, he was nevertheless bound by it.

In the case at bar there was no condition annexed to the assignment itself, or made in immediate connection with it.

The owner absolutely parted with his title. There was no agreement that it should be returned to him: He had no rights reserved upon any condition.

The arrangement entered into was in the contract made between Livingston and Smead and Alexander, for the sale of the real estate, which was afterwards changed by a verbal agreement, substituting other security, and in part the bond and mortgage in question in the place of what was then provided for. The assignment, on its face, was for the full amount, and absolute and complete, with nothing connected with it to call for the exercise of an extraordinary degree of vigilance and caution. The plaintiff had no notice that it was collateral or condi tional, nor for anything that appears had she any reason to suppose or believe that any of the prior assignments which were fair upon their face, and had been recorded, were subject to any condition but that which they contained. She had notice to the contrary by the assignment to Livingston and the subsequent assignments which were on their face unconditional.

The case cited is one where the equity grows out of the transaction itself; that is, the assignment of the bond and mortgage. There it is a latent equity, with which Loche, the mortgagee and the original assignor was not connected— an equity of a third party outside and independent of the rights of the mortgagee, which no reported case has ever held to be protected, and which does not come within the principle decided to be applicable to the parties to the assignment, the assignor and assignee.

If I am correct in the views which I have expressed, the question of good faith, upon which some stress is laid, can scarcely be said to arise in the transfer of the bond and mortgage. If it does however, there is no pretence that the plaintiff was not a *bona fide* purchaser. The assignment shows that she was. It expresses a full consideration, and in the absence of any circumstances to impugn the *bona fides* of the transaction, every presumption is in favor of its fairness. In the case of *Bush* agt. *Lathrop*, before cited, Judge DENIO, discusses the question whether the defend-

ant was a *bona fide* purchaser, and says it appeared that a debt of fourteen hundred dollars well secured by a mortgage on real estate was sold for one-fifth of that sum. That was enough to put a person upon inquiry. He also expresses the opinion, that if upon making reasonable inquiries, although the assignment was conditional, he had been led to believe that the purchase was absolute, he would have been entitled to the character of a *bona fide* purchaser; and as he was a witness on his own behalf, and might have sworn that he had no notice of the condition, he ought to have denied notice, whether inquired of by the plaintiff or not. No such rule can apply to a case where the assignment on its face purports a full consideration; where there is nothing in the case to indicate a want of good faith, and where the party himself was not sworn as a witness. *Prima facie* the assignments were fair and valid, and until impeached, I think the plaintiff was not called upon to rebut a presumption of bad faith not warranted by any of the facts in the case.

I am not prepared to assent to the rule laid down by the learned judge in his opinion, that the bond and mortgage belongs to Gidney, the assignee of the contract for the sale of the real estate. The assignment of the bond and mortgage was made by Livingston on the 7th of June, 1860. The assignment of the contract to Gidney was executed by Livingston on the 8th day of February, 1861, some time afterwards. As Livingston had parted with his title to the bond and mortgage, before the assignment to Gidney, he could not transfer what did not belong to him. He did not own it at the time, and hence the assignment could not carry with it, what he did not hold. So far then, as Gidney is concerned, he has no claim to the bond and mortgage.

In my opinion, a new trial should be denied, and the judgment affirmed with costs.